UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD POLLARD TURNER, | No. 2:23-cv-00166-CKD P |
| Plaintiff, | |
| v. | ORDER |
| BOBBY J. JEWISH, et al., | |
| Defendants. | |

Plaintiff is a Texas state prisoner appearing pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

**I.      In Forma Pauperis**

On February 6, 2023, plaintiff was ordered to submit a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint. ECF No. 4. Plaintiff submitted an amended motion to proceed in forma pauperis, but once again it did not include a certified copy of his prison trust account from the institution where he is confined, as required by 28 U.S.C. § 1915(a)(2). ECF No. 6. Absent this information, the court is unable to rule on plaintiff's pending motion to proceed in forma pauperis. Therefore, the court grants plaintiff one last opportunity to comply with the court's February 6, 2023 order by filing the required information within 30 days from the date of this order.

## II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III. Allegations in the Complaint

On January 27, 2023, the court docketed plaintiff's three-page complaint that is neither signed nor dated. ECF No. 1. Plaintiff names two defendants employed by the U.S. Marshals

Service. ECF No. 1 at 2. The only claim for relief alleges "false imprisonment" and identifies plaintiff's injury as "mental and physical anguish." ECF No. 1 at 3. No other information is provided in the complaint.

### IV. Legal Standards

Based on the named defendants in this action, it appears to the court that plaintiff is attempting to file a civil action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Bivens is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 676-76 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 676. "Only federal officials who actually participate in alleged violations are subject to a Bivens-type suit." O'Neal v. Eu, 866 F.2d 314 (9th Cir. 1989) (collecting cases). "A plaintiff must plead more than merely a negligent act by a federal official in order to state a colorable claim under Bivens." Id.

### V. Analysis

The court finds that the allegations in plaintiff's complaint are so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity the overt acts which defendants engaged in that support plaintiff's claim. Id. The court also notes an additional defect in plaintiff's complaint in that it was not signed as required by Rule 11(a) of the Federal Rules of Civil Procedure. See also Local Rule 131(b). For all these reasons, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C.

§ 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall update plaintiff's address on the docket to #00309400, Richard P. LeBlanc Unit, 3695 FM 3514, Beaumont, TX 77705.  See ECF Nos. 5-6.
2. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint from the institution where he is confined.
3. Plaintiff's complaint is dismissed.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  March 6, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/turn0166.unsigned.docx